Robert A. LUND; Colleen L. Lund; Zero Gee Enterprises Trust; Sun Federal, Inc., Trustee, Petitioners—Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent—Appellee.

No. 01–71220.
Tax Ct. No. 134–99.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2002.

Decided June 27, 2002.

Before SCHROEDER, Chief Judge, D.W. NELSON and REINHARDT, Circuit Judges.

MEMORANDUM*

Appellants ("Lunds") appeal the decision of the Tax Court sustaining the Commissioner Of Internal Revenue's ("Commissioner") determination that Robert Lund ("Lund") was operating a sham trust ("The

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Zero Gee Trust") and that the Lunds were personally liable for tax on the income purportedly earned by the trust in 1994, 1995, and 1996, and were personally liable for negligence penalties for failure to pay the tax when due. We have jurisdiction pursuant to 26 U.S.C. § 7482. We affirm the decision of the Tax Court in all respects.

Trusts lacking in economic substance are considered shams and are properly disregarded for federal income tax purposes. *Zmuda v. C.I.R.*, 731 F.2d 1417, 1421 (9th Cir.1984). Here, the Tax Court applied a four factor test to determine that the Zero Gee Trust lacked economic substance:(1) Lund's relationship to the trust property (his computer consulting business) did not differ materially before and after he formed the trust and granted the business to the trust; (2) the trust did not have independent trustees; (3) no economic interest passed to the named beneficiaries of the trust; (4) Lund did not honor restrictions imposed by the trust or by the law of trusts.

Telltale indicators that Zero Gee lacked economic substance include the following: (1)After forming the trust, placing his computer consulting business in the trust, and making himself sole beneficiary of the trust, Lund purportedly transferred his entire beneficial interest, which he valued at between $1 and $2 million, to a foreign corporation without any consideration whatsoever; (2) the trustees of Zero Gee performed no meaningful work, received only $3600 per year for managing the trust (despite gross income for the trust of over $5 million total over three years), and Lund continued to operate and control the business; (3) the named beneficiaries of Zero Gee received only token payments ($41,000) despite a net trust income of over $1.2 million and despite the fact that Zero Gee reported distributions equal to its en-

tire income; (4) Lund obtained bank loans and credit for the consulting business using as collateral real property owned by the Lunds, without approval of the trustees, and Lund had essentially unrestricted use of trust property.

On this record, the Tax Court's determination that Zero Gee is a sham trust is more than well supported and by no stretch of the imagination clearly erroneous. Further, the Tax court correctly upheld the negligence penalty assessed against the Lunds because Lund failed to make a reasonable attempt to comply with the provisions of the tax code and presented no evidence to show that he relied in good faith on professional advice.

Lund's allegation that the Tax Court abandoned its role as a neutral finder of fact because, Lund argues, the Tax Court's questioning of Lund's witnesses was "hostile and argumentative" is also without merit. There is nothing remarkable about Judge Swift's pointed questioning of Zero Gee's trustee when he testified that he knew virtually nothing about Zero Gee's foreign corporate beneficiary and then went on to testify that he had no particular reason for replacing that foreign corporate beneficiary with a different foreign corporate beneficiary about which he also knew nothing.

**AFFIRMED**